Gorman Dale OSBORNE, et al., Plaintiffs,

v.

The UNITED STATES of America, et al., Defendants.

No. CIV.A. 2:99–0759.

United States District Court, S.D. West Virginia, Charleston Division.

Sept. 20, 2001.

J. Timothy DiPiero, Sean P. McGinley, Mary S. Blaydes, DiTrapano Barrett & DiPiero, PLLC, Charleston, West Virginia, for plaintiff.

Stephen M. Horn, Assistant United States Attorney, U.S. Attorneys Office, Charleston, West Virginia, for defendant.

## ORDER CERTIFYING QUESTION TO THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

HADEN, Chief Judge.

Pursuant to *West Virginia Code* §§ 51–1A–1 *et seq.*, the Court **CERTIFIES** the question below to the Supreme Court of Appeals of West Virginia. The answer to the question will be determinative of an issue in this case on which there is no controlling appellate decision, constitutional provision or statute in West Virginia.

## I. QUESTION OF LAW SUBMITTED

Does West Virginia's Medical Professional Liability Act provide a cause of action by a third party against a health care provider for foreseeable injuries to the third party proximately caused by the health care provider's negligent treatment of a patient/tortfeasor?[1]

1. Under the West Virginia Medical Professional Liability Act ("MPLA"), codified at *West Virginia Code* § 55–7B–1 *et seq.*, "medical professional liability" is defined as "any liability for damages resulting from death or injury of a *person* for any tort or breach of

## II. FACTS RELEVANT TO THE QUESTION

Pursuant to *West Virginia Code* § 51–1A–6, the certification order must contain a statement of the "facts relevant to the question, showing fully the nature of the controversy out of which the question arose." W.Va.Code § 51–1A–6(a)(2). "If the parties cannot agree upon a statement of facts, then the certifying court shall determine the relevant facts and shall state them as part of the certification order." W.Va.Code § 51–1A–6(b). The parties did not agree to a statement of facts.

This case was tried to this Court on July 17 through July 20, 2001. Thereafter, this Court made findings of fact and conclusions of law memorialized in a Memorandum Opinion and Order of August 23, 2001. This Court's Memorandum Opinion and Order is attached hereto and respectfully submitted as the governing statement of facts relevant to the issue propounded.

## III. MISCELLANEOUS MATTERS

The Supreme Court of Appeals may recast the question certified as it deems appropriate. Upon request, the record, or any portion of it, will be delivered to the Supreme Court of Appeals.

contract based on health care services rendered, or which should have been rendered, by a health care provider or health care facility to a *patient.*" W.Va.Code § 55–7B–2(d)(emphasis added.)

This Court recognizes the Supreme Court of Appeals of West Virginia has previously held that a physician-patient relationship should exist before a medical malpractice action will lie. *See, e.g., Rand v. Miller,* 185 W.Va. 705, 706, 408 S.E.2d 655, 656 (1991)("The essence of a medical malpractice action is a physician-patient relationship.") Nonetheless, it appears West Virginia's highest court has not had occasion to consider whether, by virtue of the definition of "medical professional liability", the MPLA permits a third-party action against a health-care provider.

For this reason, the Court concludes it is appropriate and necessary to submit this question, which may have far reaching legal and public-policy implications, to your tribunal.